UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CMG MORTGAGE, INC. D/B/A CMG FINANCIAL,<br><br>Plaintiff,<br><br>v.<br><br>AMIT KAIM, et al.,<br><br>Defendants. | Case No. 23-cv-01101-HSG<br><br>**ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 11 |

A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Such an order may be issued only where the moving party has established: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to plaintiff in the absence of preliminary relief; (3) the balance of equities tips in plaintiff's favor; and (4) that an injunction is in the public interest. *See id*. at 20.

This Court may issue a temporary restraining order without written or oral notice only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage *will* result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons it should not be required. Fed. R. Civ. P. 65(b)(1) (emphasis added).

In this case, on March 15, 2023, Petitioner CMG Mortgage, Inc. D/B/A CMG Financial ("CMG") filed a motion for a temporary restraining order ("TRO") and order to show cause. Dkt. No. 11. Respondents are former CMG employees and CMG seeks "an injunction against the Former Employees' further use of its confidential information." *Id.* at 1. CMG argues that "[n]otice should not be required because the Defendants may expedite their diversion efforts prior

to a hearing and/or entry of any order restraining their illegal conduct." *Id.*

On the record presented, the Court finds that the requirements of Federal Rule of Civil Procedure 65 are not met so as to permit issuance of a temporary restraining order without notice to Respondent. *See* Fed. R. Civ. P. 65(b)(1). CMG sent a cease and desist letter to First Heritage Mortgage ("FHM"), Respondents' new employer, on March 3, 2023, requesting that FHM and Respondents cease and desist from violating the terms of the Confidentiality Agreement and return CMG's confidential information and stating that if FHM did not respond or comply with the letter's demands, "CMG will pursue the appropriate legal action including . . . enforcement of the Confidentiality Agreement." *See* Dkt. No. 13, Ex. 3. This letter was sent almost two weeks before the date of this order. Plaintiff has not come close to meeting its burden of showing that irreparable harm will result unless the TRO is granted without notice. Speculating about actions Defendants "may" take if given notice is not evidence. And the Court finds this to be especially true given that Plaintiff sent a letter to FHM two weeks ago, with no indication that any problematic conduct resulted.

Accordingly, CMG is **DIRECTED** to serve the documents submitted to the Court under Docket Numbers 11, 12, 13, and 14 (the Motion for a Temporary Restraining Order and its supporting documents) and Docket Number 20 (this order) on Respondents by no later than noon Pacific Time on Friday, March 17, 2023. Petitioner may serve these documents by electronic mail. Petitioner must file a declaration and any supporting proof confirming that this was done— including the email address(es) to which the documents were sent, if the documents were served by electronic mail—by 5:00 p.m. on Friday, March 17.

Should Respondents oppose the relief sought by Petitioner, they must file a response by no later than 3:00 p.m. on Thursday, March 23, 2023. The matter will stand submitted at that time unless otherwise ordered.

**IT IS SO ORDERED.**

Dated: March 16, 2023

HAYWOOD S. GILLIAM, JR.
United States District Judge