UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CMG MORTGAGE, INC. D/B/A CMG FINANCIAL,<br><br>Plaintiff,<br><br>v.<br><br>AMIT KAIM, et al.,<br><br>Defendants. | Case No. 23-cv-01101-HSG<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 11 |

Pending before the Court is Plaintiff's motion for a temporary restraining order and order to show cause. Dkt. No. 11 ("TRO Mot."). After the Court ordered Plaintiff to provide notice, Defendants timely filed an opposition, Dkt. Nos. 20, 33. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** Plaintiff's motion.

I.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 65, a temporary restraining order may enjoin conduct pending a hearing on a preliminary injunction. *See* Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order and issuing a preliminary injunction are substantially identical. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839, n.7 (9th Cir. 2001). A plaintiff seeking preliminary relief must establish: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). Preliminary relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. A court must find that "a certain threshold showing" is made on each of the four

required elements. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Under the Ninth Circuit's sliding scale approach, a preliminary injunction may issue if there are "serious questions going to the merits" if "a hardship balance [also] tips sharply towards the [movant]," and "so long as the [movant] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## II.     DISCUSSION

### A.     Plaintiff Fails to Show a Likelihood of Success on the Merits

Plaintiff's complaint raises a single claim for breach of contract. Dkt. No. 1 ("Compl.") ¶¶ 35-37. Plaintiff is a mortgage lender. *Id.* ¶ 12. The complaint alleges that defendants Kim and Kaim, former employees of Plaintiff, breached confidentiality agreements by retaining, using, misappropriating, or disclosing Plaintiff's confidential information. *Id.* ¶¶ 35-37. In the TRO Motion, Plaintiff argues that the defendants "breached the Confidentiality Agreement by using CMG's confidential information to solicit CMG customers to divert *at least* five presently known loans to First Heritage," their new employer. TRO Mot. at 2 (emphasis in original). But the factual support for this key proposition is weak. Plaintiff's attorney baldly asserts, with no supporting facts, that "[u]ndoubtedly, the [defendants] maintained, misappropriated, and utilized CMG's Confidential Information in order to solicit the Diverted Customers away from CMG and to close the loans at First Heritage." Dkt. No. 12 (Declaration of "W Mason," one of Plaintiff's attorneys) at ¶ 7. And Plaintiff's Executive Vice President of Sales asserts that the company "became alerted to the Defendants' theft and misappropriation of confidential information when it received information showing that the [defendants] had diverted and closed loans for CMG customers at First Heritage." Dkt. No. 13 (Rogers Declaration) at ¶ 19.

In response, Defendants submit declarations attesting that as to the four (not five) loans actually at issue, they informed the borrowers of their move to First Heritage (in several instances in response to an inquiry from the borrower) and told them that it was up to them whether to bring their business to First Heritage. Dkt. Nos. 33-1 (Kaim Declaration), 33-2 (Kim Declaration).

As Defendants note, nothing about these facts supplies a likelihood of succeeding on the single breach of contract claim in the complaint, since neither the complaint nor the TRO Motion

explains (rather than asserts) that the loan transactions alleged could only have been executed by misusing confidential information. *See* Rogers Decl. at ¶ 24 (asserting, with no supporting facts, that "[w]ithout CMG's Confidential Information, the Former Employees would not have been able to move the Diverted Customers' loans to First Heritage"). Nor do any of Plaintiff's filings explain what confidential information Defendants supposedly have that they were obligated to return, but didn't. Instead, the factual record supports the inference that Defendants informed the borrowers of their change of employment, which is legal, and the borrowers decided to move their business. *See MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 521 (9th Cir. 1993) ("Merely informing a former employer's customers of a change of employment, without more, is not solicitation."). Plaintiff thus fails to establish a likelihood of success on the merits so as to warrant the extraordinary remedy of a temporary restraining order, and the Court thus need not reach any of the other factors. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (explaining that "[b]ecause it is a threshold inquiry, when a plaintiff has failed to show the likelihood of success on the merits, we need not consider the remaining three *Winter* elements" (quotations omitted and alterations adopted)).[1]

### III.  CONCLUSION

Plaintiff's motion for a temporary restraining order is **DENIED**.

**IT IS SO ORDERED.**

Dated:   3/28/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] The Court notes that Plaintiff also fails to show irreparable harm or that the balance of equities tips in its favor. It appears that the parties have been involved for months in a dispute about whether the Defendants are required to return their signing bonuses, which tends to suggest there is no new urgency here. And given the prospect that Defendants may well be engaged in legitimate competition with their former employer, the Court cannot say that either the balance of the equities or the public interest decisively favors Plaintiff at this stage.